Nov. Term,
1858.

HENRY
v.
HENRY.

*A. Ellison,* for the appellant.

---

HENRY *v.* HENRY.

A receipt may be explained and controlled in its operation by parol evidence, though, as a general rule, a contract cannot; and where a written instrument includes both a receipt and a contract, it cannot, so far as it operates as a contract, be controlled by parol evidence any further than ordinary contracts may be.

A judgment is a contract of record, and a demand, within the meaning of an instrument embracing "all demands" of one party against another.

*Friday,*
*December 3.*

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—Motion to have satisfaction entered upon certain judgments. The motion was based upon a written instrument, as follows:

"I, *John W. Henry*, have this day bought and purchased of *Benjamin F. Henry*, all his right, title, interest, and claim, in and to certain real estate which he had heretofore bought of *William Barrow*, situate in the county of *Monroe*, and state of *Iowa*, and which he [said *Benjamin F.*] holds by a title-bond; and in consideration of said interest in said real estate, I agree to and do hereby acknowledge payment in full of all notes, accounts, and demands of every kind and nature whatever, which I now hold against the said *Benjamin F. Henry*, or the said *Benjamin F.* and any other person as security for him. Further, I agree to pay the balance of the purchase-money on said real estate to the said *William Barrow*, and to indemnify and save the said *Benjamin F. Henry* harmless from all liability thereon." [Signed] *J. H. Henry.* Attest, *James Gaines.*

The defendant to the motion offered to prove that this instrument was not intended to include the judgments in question, though they were then standing in full force on the docket of the Court in which they were rendered. The Court refused to permit such proof, and decided the judgments satisfied.

The correctness of this ruling is the only question presented.

We think the Court committed no error. A mere receipt may be explained and controlled in its operation by parol evidence. A contract, as a general rule, cannot be. And where a written instrument is made to include a receipt and a contract, it cannot, so far as it operates as a contract, be controlled by parol evidence, any further than ordinary contracts may be.

In this case, the written instrument in question is a contract, as well as a receipt, and it is very comprehensive and positive in its terms. It declares that "all demands of every kind and nature whatever," are embraced; so that, if under any circumstances, the term "all demands" could be limited in its operation to some particular demands, it would seem that it could not be so limited in this. A judgment is a demand—a contract of record. The term

Nov. Term,
1858.

"all demands" is recognized in the books as being one of the most comprehensive that can be used. It may, it is true, be limited by other parts of the contract in which it is used; and may be interpreted by facts existing at the time it is used. But proving existing facts to aid interpretation is a different thing from proving mental intention of parties. The admission of such proof would open a wide door to perjury and fraud, while it is easy for parties, when making a contract in writing, to protect themselves from any wrong by making their contract explicit.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*O. B. Hord* and *J. Gavin*, for the appellee.

(1) Counsel for the appellant cited the following authorities:

A receipt, being *prima facie* only, and not conclusive, may be contradicted by parol. 1 Greenl. Ev. § 305, and authorities there cited. A general receipt, or, indeed, any instrument not under seal, will not avoid a judgment. A judgment is a specialty of the highest character. *Sewall* v. *Sparrow*, 16 Mass. R. 24, 26.