*K. Ferguson,* for the appellants.

*F. Rand,* for the appellees.

---

## HUNTER and Others *v.* MILLER and Another.

An appeal will lie to the Supreme Court from an order of sale, in a proceeding for the partition of lands, made on report of the commissioners that the land is not susceptible of division.

In a proceeding for partition of lands, instituted by persons claiming to be entitled by descent, against others, some of whom claim to hold as tenants in common with the plaintiffs, by descent from a common grantor, and others of whom claim, by purchase from the ancestor, an adverse and exclusive title to the whole property, the former class of defendants are not competent witnesses for the plaintiffs, to prove that the deed, under which their co-defendants claim an exclusive title, was obtained by fraud, or that the grantor was insane.

*Wednesday, November 27.*

APPEAL from the *Warren* Circuit Court.

HANNA, J.—The appellees applied for partition of certain described lands, averring that the female plaintiff was the daughter of one *James Hunter,* and that certain persons, named as defendants, were also sons and daughters of said *James,* entitled to equal shares with said plaintiffs, of the said lands of which he died seized. Part of the defendants were defaulted, the others answered, denying that said *James* died seized of said lands, and averring that before his death he had disposed of the same. Reply, that said conveyances of said lands were obtained by undue means, and that decedent was not possessed of a disposing mind, &c.

The evidence shows that decedent had two sets of children,

three by the first, and nine by the second wife. The disposition made, and relied on, was for the benefit of the younger, to the exclusion of the elder, set of children. One of the latter instituted these proceedings, and introduced her full brother and sister as witnesses, upon all the issues. General verdict for the plaintiffs, and judgment that there should be partition; from which an appeal was taken to this Court, and dismissed. 11 Ind. 356. Commissioners were appointed, who reported that partition could not be made without injury, &c. The Court, thereupon, ordered and adjudged that the land should be sold, &c., from which order this appeal is taken.

The points presented are, first, by the appellees, that the appeal should be dismissed, because no final judgment was rendered, from which an appeal would lie, relying upon the decision in this case, *supra*. We have a direct statute authorizing an appeal from an interlocutory order for the sale of lands. 2 R. S. We do not see but that it applies to this class of judgments of sale.

The next point made is by the appellants, to wit: that the defendants who were defaulted, and who claim title by inheritance, were permitted to testify against the title of their co-defendants, who claim by purchase. The evidence was permitted, under that section of the statute which permits a party to introduce the adverse party as a witness. The principle involved here was decided in *Swift* v. *Ellsworth*, 10 Ind. 205. The witnesses, though named as defendants, were not adverse parties, in the sense contemplated by the framers of this statute; but had the same interest to sustain that the plaintiff had, namely, title by inheritance from said *James;* while their co-defendants were attempting to establish a title that would defeat that inheritance, and to the destruction of that title the evidence of these witnesses was directed. We do not think they were competent witnesses for that purpose.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Gregory & Harper*, and *W. C. Wilson*, for the appellants.
*Bryant & Chandler*, and *D. Mace*, for the appellees.