## SKILLEN *v.* SKILLEN.

EVIDENCE.— *Transactions with Ancestor of Plaintiff.—Statute.*—In a suit upon a promissory note, the defendant offered to testify to transactions between himself and the ancestor of the plaintiff, for the purpose of showing that the note in suit was given to the plaintiff, as one of the heirs of said ancestor, for the plaintiff's interest in said ancestor's real estate, which the defendant had purchased, and for which he executed the note in suit; and that he ought not to have given the note, because the ancestor was indebted to the defendant, by reason of transactions occurring between the defendant and said ancestor during the lifetime of the latter.

*Held,* that the evidence was not competent under the second proviso of the act of March 11th, 1867, 3 Ind. Stat. 561. BUSKIRK, J., dissented, holding that the decision in Peacock *v.* Albin, 39 Ind. 25, authorized the introduction of the evidence.

APPEAL from the Marion Superior Court.

PETTIT, C. J.—William M. Skillen, the appellee, brought this suit, as assignee of James Skillen, Jr., against James Skillen, the appellant, on a promissory note, dated September 21st, 1869, and payable eleven months after date, to James Skillen, Jr., and by the payee assigned to the appellee, William M. Skillen.

The defendant below, appellant here, answered as follows:

"This defendant says that he executed the note sued on, under a mistaken state of facts, viz., this defendant and one Robert G. Skillen, the father of this plaintiff, were partners in the milling business at Indianapolis, Indiana; that they commenced said partnership in December, 1861, and that the firm rented the mill of this defendant, at the rate of eleven hundred dollars per annum, from the date aforesaid up to the — of ——, 1863, and that said Robert G. had sole and exclusive control over the books of said firm, and this defendant was to have charge of the out-door business; that it was agreed that this defendant should have credit for the amount of said rent, each and every three months, on the books of the firm (partnership); and that afterward, on the — of ——, 1864, this defendant being the owner in fee of all the mill property thus used by the firm, he sold and conveyed unto his said partner, Robert G., the undivided one-

half of said mill, in consideration of five thousand five hundred dollars, which amount he agreed to put in said business, and advance to said firm; that said Robert G. agreed to give him, this defendant, credit on the firm books for that amount; and that he did not do so, nor did he ever pay, or account to this defendant, in any way, for the purchase-money of the undivided one-half of said mill, as he promised to; and that afterward, viz., in October, 1865, this defendant advanced said firm, in cash, the sum of five hundred dollars, which should have been credited to this defendant on the books of said firm, but said Robert G. did not give him said credit, nor account to this defendant in any way for said sum; the defendant now charges that he is entitled to the above respective sums, with interest; and at the time this note was executed, he honestly believed that the proper credits had been given this defendant for said sums, but long afterward, and on examination of the firm books, when called upon to settle up the accounts of the said firm as surviving partner, to his utter surprise and astonishment, he discovered for the first time that the said Robert G., his former partner, did neglect and refuse, and with intent to cheat and defraud this defendant, to give him said credits; that none of them were found on the books, and this defendant was defrauded out of said amount as aforesaid, with interest, and that said amount with interest is due this defendant from the ancestor of this plaintiff; and this defendant now avers that after the death of said Robert G., a petition for the partition of said mill property was filed in the Common Pleas Court of Marion county, and the whole of said mill property, so owned by said Robert and this defendant, was sold by order of court, and purchased by this defendant for twenty thousand dollars; that the amount this note called for would be the amount due this plaintiff as his share of the proceeds of said mill as an heir-at-law of Robert G., deceased; and the defendant being ignorant of the above facts, he accordingly executed this note, and for no other consideration whatever; and this defendant fur-

ther avers, that this plaintiff is wholly and notoriously insolvent, and that there is no partnership property out of which this defendant can make said amount, or any part thereof; and in case this note was paid him, he could not call upon him, plaintiff, to account to him, for nothing could be made of him on execution. Wherefore, this defendant says he is not liable, and is in no wise indebted to this plaintiff as such heir, nor to the estate of his ancestor, Robert G."

There was a proper reply; trial; finding and judgment for the plaintiff.

On the trial, the defendant, appellant, offered himself as a witness to prove the business and transactions with Robert G. Skillen, the ancestor of the plaintiff, as set up in his answer. To this objection was made, and sustained by the court. The correctness of this ruling is the only question in this case.

By the second proviso of sec. 2 of the act of March 11th, 1867, 3 Ind. Stat. 561, it is provided, that "in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party, or by the court trying the cause, and the assignor of the plaintiff in any such suit, where there has been an assignment of the cause of action, shall be deemed and held to be a party within this provision." See the notes to this proviso.

In *Malady* v. *McEnary*, 30 Ind. 273, this court has given a construction to this proviso, as it affects this case. This court, in that case, said: "The evident intent was, in suits by or against heirs, to exclude the testimony of the parties to the action as to any matter which occurred prior to the death of the ancestor, so as to prevent the living from testifying against the representative of the dead. Death having sealed the lips of one, the law seals the lips of the other."

The court below, in delivering its opinion, says: "Now, it is clear, that what the defendant offered to testify to was in relation to the transaction between him and Robert G. Skillen, the ancestor of the plaintiff, for the purpose of showing that the note in suit was given to the plaintiff as one of the heirs of Robert G. Skillen, for his portion or interest in said Robert G. Skillen's real estate, which defendant had purchased, and for which he executed this note in suit, and that he ought not to have given it, because Robert G. Skillen owed the defendant. It was as to matters prior to the death of said Robert G. Skillen, and would affect the property of the ancestor. We see no error in excluding the testimony of the defendant on this subject."

We feel quite clear that this ruling of the court was correct, and must, therefore, affirm the action of the court below.

The judgment is affirmed, at the costs of the appellant.

BUSKIRK, J.—I am constrained to dissent from the decision rendered by a majority of the court. In my opinion, the appellant was, under the rule laid down in the case of *Peacock* v. *Albin*, 39 Ind. 25, a competent witness, and that for the erroneous ruling of the court in excluding him, the judgment should be reversed.

*S. E. Perkins* and *S. E. Perkins, Jr.*, for appellant.
*F. M. Finch* and *J. A. Finch*, for appellee.

