BAKER ET AL. *v.* BAKER ET AL.

DEMURRER TO EVIDENCE.—*Practice.*—A demurrer to evidence, setting out in full the oral testimony of witnesses, and making the written portions of the evidence parts of the demurrer by identifying them as in a bill of exceptions, without writing them out in full, is sufficient.

SAME.—*Bill of Exceptions.*—It is not necessary to the demurrer to present the evidence by a bill of exceptions, but it is not erroneous to do so.

SAME.—*Supreme Court.—Presumption.*—Where, upon appeal to the Supreme court, the transcript does not contain all the evidence stated in the demurrer thereto, it will be presumed that the ruling of the court below upon such demurrer was correct.

PARTITION.— *Witnesses.—Decedents' Estates.*—In an action for the partition of lands, a defendant to the suit, claiming an interest in the lands sought to be partitioned, from a common ancestor with the plaintiff, is not a competent witness to testify as to matters against the ancestor before his decease, tending to charge the estate.

From the Madison Circuit Court.

*H. D. Thompson, J. W. Sansberry* and *E. B. Goodykoonts,* for appellants.

*W. R. Pierse* and *C. L. Henry,* for appellees.

BIDDLE, J.—Complaint by the appellees, against the appellants, for the partition of certain lands between the appellees, and to quiet their title thereto as against the appellants.

Answer, in several paragraphs, setting up title to a portion of the lands in the appellants, and praying affirma-

tive relief; also an answer of general denial.   A jury was empanelled to try the case.

After the evidence was all introduced to the jury on behalf of the defendants, as well as on behalf of the plaintiffs, the plaintiffs demurred to the evidence, setting out all the evidence in the case in their demurrer, claiming that it sustains the complaint, and denying its sufficiency to maintain the defence.   The evidence below consisted of the oral testimony of witnesses, which is all written out in the demurrer, and also of written evidence, as several deeds of conveyance and a certain contract.   The defendants below objected to joining in the demurrer to the evidence, because the written parts of it were only referred to and made part of the evidence by identifying them with the reference, and were not written in full therein; but the court held that the written parts of the evidence, made a part of the demurrer by such reference and identification and being before the court, made the evidence complete. Thereupon the court dismissed the jury, and held the evidence as true set out in the demurrer, and sufficient to sustain the plaintiffs' complaint, and insufficient to sustain the defence, and sustained the demurrer to defendants' evidence.

A decree of partition was rendered in favor of the plaintiffs, commissioners appointed to make the partition, who made their report, which was confirmed, and final judgment rendered.   Exceptions and appeal.

In the transcript before us, the written evidence is not copied in the demurrer, and is not presented to us in any way in the record.   Upon this condition of the transcript here, it is contended by the appellants that the court erred in its judgment on the demurrer, because it is plain that the evidence, as presented, is insufficient to sustain the ruling of the court, and, therefore, that the judgment should be reversed; and contended by the appellees, that, inasmuch as the evidence stated in the demurrer is not all before this court, it must be presumed that the rulings of the

court below were right, and, therefore, that the judgment should be affirmed.

The practice of demurring to evidence is not common under our code of procedure, but is well recognized in the law, and is analogous to the practice of demurring to a pleading. A demurrer in our practice goes to the facts pleaded in a complaint, or an answer, or a reply, and tests their sufficiency or insufficiency to constitute a cause of action, or a defence. A demurrer to evidence goes to the sufficiency or insufficiency of the evidence to sustain or overthrow the issue joined upon a cause of action or defence. The difference between presenting the evidence by a bill of exceptions in a trial upon the facts, and in presenting the evidence by a demurrer to its sufficiency, is plain, though it is not always distinctly preserved in practice. In a trial by jury in a civil case, the jury take the law as given to them by the court, and apply it to the facts as proved by the evidence, and return their verdict accordingly. By a demurrer to the evidence, the evidence is taken from the jury and given to the court, and every fact stated therein, and every fact which the jury could have fairly inferred from the evidence, in favor of the party who offered it, is taken as admitted to be true; and the court applies these facts and inferences to the law, and renders its decision accordingly.

We think the court was right in holding that the evidence was all in the demurrer, notwithstanding the written portion of it was not copied therein. It was made a part of the demurrer in the usual way that evidence is made a part of a bill of exceptions; and we see no reason why the rule should be any more strict in making evidence a part of a demurrer than it is in making it a part of a bill of exceptions. Indeed, the evidence and the demurrer were made a part of the record by a bill of exceptions taken by the appellants. This is complained of,.

but we do not see any error in it. It was unnecessary to the demurrer to present the evidence by a bill of exceptions, but not erroneous. As the face of the transcript shows that it does not contain all the evidence in the demurrer, we must presume the ruling of the court was right. It behooves the appellants to show that the judgment is wrong, otherwise it must be affirmed. It was therefore the duty of the appellants to see that the transcript in this court was perfect.

The testimony of Emily Baker and Margaret Baker was rejected on the objection of the appellees. This ruling is complained of by the appellants, but it is not erroneous. The witnesses were defendants to the suit, claiming an interest in the lands sought to be partitioned, from a common ancestor with the plaintiffs, and the testimony offered went to matters against the ancestor before his decease, and tended directly to charge the estate. *Hunter* v. *Miller*, 17 Ind. 88.

We have thus examined and decided all the questions presented by the record, which have been discussed by the appellants in their brief.

For the practice in demurring to evidence, see the following authorities: 3 Bl. Com. 372; *Gibson* v. *Hunter*, 2 H. Bl. 187; *Lindley* v. *Kelley*, 42 Ind. 294, and the cases therein cited; *Strough* v. *Gear*, 48 Ind. 100; *Holmes* v. *The Phœnix Mutual Life Ins. Co.*, 49 Ind. 356; *Pinnell* v. *Stringer*, 59 Ind. 555; *Fouch* v. *Wilson*, 60 Ind. 64; *The Indianapolis, Peru and Chicago R. W. Co.* v. *Goar*, 62 Ind. 411.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.