Wiseman *et al. v.* Wiseman.

No. 7628.

WISEMAN ET AL. *v.* WISEMAN.

HUSBAND AND WIFE.—*Interest of Surviving Wife in Real Estate of Husband.*—Under the statute of this State, a surviving wife, who has not conveyed or relinquished her interest in the property of her husband, accepted a jointure, or received a valid antenuptial settlement, can not be deprived of her rights in the lands of her deceased husband, unless, at the time of his death, she was living apart from him in adultery.

SAME.—*Marriage.*—Nothing but death, or a judicial decree, can dissolve the marriage tie.

SAME.—*Partition.*—*Widow Incompetent Witness.*—Under the act of March 11th, 1867, 2 R. S. 1876, p. 132, a surviving wife is not a competent witness, in her own behalf, in an action for the partition of the lands of her deceased husband, against the other heirs or devisees, as to matters which occurred prior to the death of her husband.

SAME.—*Presumption.*—The testimony of an incompetent witness is presumed to have been an injury to the adverse party.

From the Hamilton Circuit Court.

*D. Moss, A. F. Shirts, G. Shirts,* and *W. R. Fertig,* for appellants.

*T. J. Kane* and *T. P. Davis,* for appellee.

ELLIOTT, J.—Petition for partition by the appellee, wherein she asserted title to one-third of certain real estate, alleging that she derived title as the widow of her deceased husband, John Wiseman, and averring that the defendants claimed title by devise from their father, the said John Wiseman, deceased.

The appellants answered in four paragraphs, the first of which was a general denial, and the others pleaded affirmative matter in confession and avoidance. To all but the first paragraph demurrers were sustained, and of this ruling the appellants first complain.

It is not necessary to state with much particularity the facts pleaded, for the question of law arising upon the answer may be fully stated and clearly comprehended from a brief synopsis of the facts pleaded by the appellants. The

Wiseman *et al. v.* Wiseman.

second paragraph charges that the appellee wrongfully abandoned her husband ; that after such abandonment the husband went to Pennsylvania, whither the wife had fled, and endeavored to persuade her to again live with him ; that she refused, cruelly treated him, and caused him to be cast into prison ; that she extorted from him a written contract, and that all the property of which the appellants' father died seized has been acquired since the execution of said contract and while the appellee was living apart from her husband. The written agreement is made part of the answer, and is substantially a contract of separation, wherein the husband releases to the wife certain property then owned by the wife, as well as that which she may afterwards acquire, and also transfers to her a certain bond. There is, however, no provision that the said Sarah shall relinquish any rights in or to the property of her husband. The third paragraph of the answer avers wrongful abandonment and concealment of residence, by the appellee, from her husband for more than forty-eight years. The fourth paragraph combines the material allegations of the second and third, and goes more into detail.

One general rule determines the question of the sufficiency of all these answers, and that rule, shortly stated, is : Under our statute, a surviving wife, who has not conveyed or relinquished her interest in the property of the husband, or accepted a jointure, or received a valid antenuptial settlement, can be deprived of her rights in the lands of her deceased husband for one cause, and for one cause only, and that is the cause prescribed in the 32d section of the statute of descents, 1 R. S. 1876, p. 413. The right of a surviving wife can only be defeated by showing that at the time of the husband's death she was living apart from him in adultery. *Shaffer* v. *Richardson's Adm'r*, 27 Ind. 122. Our statute is imperative, its words are mandatory ; the surviving wife *shall* take an interest in the lands of the deceased husband. The

only cause which will bar this right is the one just named. It is useless for counsel, and it would be equally so for the court, to expatiate upon the injustice of a rule which will allow a wife who has lived apart from her husband for nearly half a century to come in at his death and seize one-third of the property accumulated by him during the time she lived in concealment from him. With the Legislature such an argument might have weight; with us it can have none. An all-sufficient answer from us is, "*Ita lex scripta est.*"

A woman who has been divorced from her husband can not, of course, be deemed a surviving wife, but, unless there has been a judicial decree, dissolving the marital relation, the wife who outlives her husband is the surviving wife, no matter how bad her conduct may have been. This was the doctrine of the common law, and is thus well stated by Chancellor KENT: "If there be no statute regulation in the case, the principle of the common law, and not only of England, but of the Christian world, is, that no length of time or absence, and nothing but death, or the decree of a court confessedly competent to try the case, can dissolve the marital tie." 2 Kent Com. 80; *Roche* v. *Washington,* 19 Ind. 53.

The motion for a new trial, and assignment of error based on the overruling thereof, present the question of the competency of the appellee to testify as a witness, in her own behalf. The act of March 11th, 1867, was in force at the time of the trial, and the appellant insists that, under the second proviso of the 2d section of that act, the appellee was not a competent witness, and that the court erred in permitting her to testify. The statute relied upon has often been passed upon by this court, and has been so construed as to require us to hold with the appellants. The provision of the statute referred to provides "That in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or pos-

session of land or other property of such ancestor," neither party shall be a witness. In *Baker* v. *Baker*, 69 Ind. 399, it was held, in a suit for partition, that the defendants were not competent witnesses, and the case of *Hunter* v. *Miller*, 17 Ind. 88, was approved. In the case of *Pea* v. *Pea*, 35 Ind. 387, a widow, claiming an interest in lands of her deceased husband, was declared to be incompetent to testify against one with whom, it was alleged, the husband had contracted concerning the lands. The statute again came under examination in *Thompson* v. *Mills*, 39 Ind. 528, and it was there held that such a partition was both an action by and against heirs, and the parties were not competent witnesses. *Peacock* v. *Albin*, 39 Ind. 25, is a still stronger case in favor of appellant. In the case just cited, the court said: "We are clearly of the opinion that the word 'heirs' as used in the above proviso was intended to include all persons, whether they took the estate under the law or by virtue of a will, in all cases where the devisee or legatee would have taken any portion of the estate under the statute of descents. Any other construction would be narrow and illiberal." In *Malady* v. *McEnary*, 30 Ind. 273, the same general doctrine is declared, and the case of *Shaffer* v. *Richardson's Adm'r*, 27 Ind. 122, relied on by the appellee, declared not to be applicable to the statute of 1867. In *Cravens* v. *Kitts*, 64 Ind. 581, the court reviewed the authorities, and declared the surviving wife to be an incompetent witness in actions for partition (*vide* authorities cited on p. 590). There are other cases in which the statute is given a construction much in harmony with the view enforced by the cases cited. *Skillen* v. *Skillen*, 41 Ind. 260; *Sherlock* v. *Alling*, 44 Ind. 184. All the cases evince a decided intention to so construe the statute as to exclude parties, in all cases where the property is derived from a deceased ancestor, or where the rights of a decedent's estate are affected. The cases are clearly right, which hold the wife incompetent in such actions as the pres-

ent; for that she claims as heir of her deceased husband has been so often decided, that a citation of authorities is unnecessary. Nor does the surviving wife's right to testify depend upon whether there was or was not a contract with the husband. The word "demand" is used in this statute as a noun, and, so used, is a word of broad meaning. Lord COKE says it is the largest word in the law, except claim. Coke Litt, 291 b. The word has been assigned a very broad meaning by the courts, in all cases where it has been necessary to interpret an instrument or statute in which it is contained. *Vedder* v. *Vedder*, 1 Den. 257 ; *Marks* v. *Marriot*, 1 Ld. Raym. 114 ; *The Mayor, etc.,* v. *Lord*, 17 Wend. 285 ; *Henry* v. *Henry*, 11 Ind. 236. A statute with such comprehensive language may well be deemed to include the case of a surviving wife, asserting a claim to the lands of her deceased husband, and against children whom he has made his devisees.

The appellee insists that if there was error in the ruling permitting her to testify in her own behalf, it was a harmless one, because the same facts were proved by many other witnesses and were, in truth, substantially without contradiction. It is true, that the principal facts testified to by Mrs. Wiseman are, in the main, proved by other testimony, but there are some details of importance which no other witness states. We can not say that the ruling is so plainly harmless as to permit us to hold that it worked the appellants no substantial injury. Nor, where parties voluntarily put on the stand an incompetent witness, ought courts to very closely scrutinize the evidence to find whether injury was done the adverse party; the presumption is that the testimony of an incompetent witness did do harm.

The testimony of Mrs. Wiseman was not, as appellee contends, confined to the single question of heirship; it went much beyond that question. The facts concerning the marriage, the separation, the abandonment, as well as that

no divorce was ever obtained, were all testified to by the appellee when testifying as a witness in her own behalf.

It is also insisted that the court erred in excluding evidence that the deceased had for a great number of years lived and cohabited with one Elizabeth Wiseman as his wife. There was no error in this. It would have availed nothing to have proved the ancestor guilty of living in adultery with the woman named.

For the error in permitting the appellee to testify in her own behalf as to matters which occurred prior to the death of John Wiseman, we must reverse the judgment.

Judgment reversed, at costs of appellee, with instructions to sustain appellants' motion for a new trial.

. Petition for a rehearing overruled.