## BOWERS, ADMINISTRATOR, *v.* STARBUCK.

### [No. 22,961. Filed May 17, 1917.]

1. HUSBAND AND WIFE.—*Joint Services.*—*Recovery by Husband.* —Where the wife assists her husband in caring and nursing for aged persons, the husband may recover in an action for services rendered by himself and wife, performed in the furtherance of the husband's undertaking and for his benefit, as the statute which gives the wife the right to recover for her own services does not change the common-law rule that the services of the wife belong to the husband, except where she carries

on a separate business or works for others on her own account. p. 312.

2. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —On an action against an administrator by a husband for services rendered by himself and wife, allowing the wife to testify as to a conversation between herself and husband in reference to an arrangement between themselves to the effect that he should receive the remuneration for her services was not prejudicial to defendant, where the husband was entitled to recover for her services without such proof. p. 313.

3. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —In an action against an estate by a husband to recover for services rendered by himself and wife, the admission of evidence that the wife had filed no claim against the estate for her services and that she knew that her husband had filed a claim was harmless, as such evidence was not essential to a recovery. p. 313.

4. APPEAL.—*Review.*—*Evidence.*—*Wealth of Plaintiff.*—*Admissibility.*—In an action against an estate by a husband for the services of himself and wife, the admission of evidence that the claimant owned land was not prejudicial to the cause of the estate. p. 313.

5. APPEAL.— *Review.*— *Evidence.*— *Domestic Relations.*—*Admissibility.*—In an action against an administrator by a husband for services rendered by himself and wife, the admission of testimony that decedent had been married and had children by a former wife was not prejudicial to the defense. p. 313.

6. HUSBAND AND WIFE.—*Joint Services.*—*Action by Husband.*— *Instructions.*—In an action against an administrator by a husband to recover for the joint services of himself and wife rendered deceased, an instruction that "if plaintiff performed or caused to be performed services" for the deceased, was not outside the issues in telling the jury that it could award compensation for services caused to be rendered, where the services referred to were those performed by the husband and wife, since the claimant would be entitled to recover for her labor as well as his own. p. 314.

7. APPEAL.—*Review.*—*Misleading Instructions.*—In an action against an estate by a husband to recover for the joint services of himself and wife rendered deceased, an instruction informing the jury that claimant was entitled to recover the full value of the services rendered if certain enumerated facts were proved, but making no reference to an affirmative defense that plaintiff had recovered full compensation under a special contract, although inaccurate, could not have misled the jury, in view of another instruction to the effect that the claimant could

not recover if he had been remunerated for his services under such special contract. p. 314.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Action by Zerah C. Starbuck against Robert F. Bowers, administrator of the estate of Lewis I. Bowers, deceased. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Willis S. Ellis* and *Alfred Ellison,* for appellant. .

*J. W. Newton, W. A. Thompson* and *R. W. Sprague,* for appellee.

LAIRY, J.—This appeal is from a judgment rendered by the trial court on a claim filed by appellee against the estate of which appellant is the administrator. The claim was in two paragraphs, the first being an ordinary account for work and labor performed by appellee in caring for the decedent, Lewis I. Bowers, and his wife for a certain number of days, and the second, setting out in detail the facts upon which appellee relied in the establishment of his right to recover.

This paragraph alleged, in substance, that on May 2, 1910, Lewis I. Bowers and wife were elderly people and invalids unable to care for themselves; that about that time decedent's wife, with the knowledge of her husband, requested her brother, the claimant in this case, and his wife to come to the Bowers home and there together render such services as would be required in caring for the stock on the farm, to do the washing, cooking, nursing and to care for the persons of decedent and his wife, assuring claimant that they should be paid for all such services; that pursuant to this arrangement the claimant and his wife removed to the home of the Bowers, and there rendered such services from May 2, 1910, continuously until May 6, 1911. The paragraph further alleges the value of the services rendered

and asks that the total amount thereof be allowed against the estate. An answer in set-off for the sum of several items including rent, and various household articles was filed by the administrator. There was a trial by jury and a verdict in favor of claimant assessing his recovery in the sum of $1,162.35. The verdict was also in favor of the estate on the answer in set-off in the amount of $154.

Appellant's motion for a new trial was overruled. This ruling is assigned as the only error upon which appellant seeks a reversal. Under this assignment appellant calls in question the sufficiency of the evidence to sustain the verdict. It is particularly insisted that there is a failure of proof for the reason that the claim is for services rendered by the claimant while the evidence is to the effect that the services were rendered largely by the claimant's wife. The statute which gives the wife the right to recover for her own services does not change the common-law rule that the services of the wife belong to the husband, except in cases where the wife carries on a separate business or works for others on her own account. Where she assists her husband in nursing and caring for aged persons, the husband may recover in an action for the services rendered by himself and wife as such work of the wife is in the line of household duties, and performed in furtherance of the husband's undertaking and for his benefit. *Hensley* v. *Tuttle* (1896), 17 Ind. App. 253, 46 N. E. 594; *Citizens, etc., R. Co.* v. *Twiname* (1890), 121 Ind. 375, 23 N. E. 159, 7 L. R. A. 352. This being true, the verdict is not affected by reason of the fact that the undisputed evidence shows a large part of the services to have been performed by the wife of the claimant.

Objection was made to certain items of evidence admitted during the trial. The wife of claimant was

allowed to testify as to a conversation between
2. herself and her husband in reference to the ar-
rangement between themselves that she was will-
ing to go to the Bowers home and assist her husband,
and that he should receive the pay for the contemplated
services.  The objection to this evidence was based
upon the ground that the claimant and his wife were
both disqualified by statute from testifying as to any
facts which occurred during the lifetime of decedent.
§521 Burns 1914, §498 R. S. 1881; §526 Burns 1914,
Acts 1883 p. 102.  This evidence was introduced for
the purpose of showing that the wife, in rendering serv-
ices for decedent and his wife, was not working on
her own separate account, but that she was giving her
assistance to her husband in the expectation that he
should receive any remuneration which might be earned
by her services.  If such evidence was improperly ad-
mitted, which we do not decide, it was not prejudicial
for the reason that the husband was entitled, under the
circumstances, to recover for the services of his
3. wife in the absence of such testimony.  For the
same reason evidence to the effect that the wife
had filed no claim for her services and that she knew
of the claim filed by her husband was not prejudicial
to the rights of appellant.

Evidence was admitted to the effect that appellee
owned land, and it is claimed that this was prejudicial
error, under the proposition that it is never com-
4. petent to prove the wealth of the defendant or
the poverty of the plaintiff.  It is difficult to see
how the fact that claimant owned land could
5. have in any way been prejudicial to the cause of
the estate.  The same may be said of the admit-
ted testimony to the effect that decedent had been
married and had children by a former wife.

Appellant's brief questions the trial court's action in

giving to the jury instructions Nos. 7, 8 and 9.

6. The objection to instruction No. 7 is that it was outside the issues in telling the jury that it could award compensation for services *caused to be rendered.* The particular language of the instruction to which rerence is made reads, "If the plaintiff Starbuck performed or caused to be performed services for Lewis I. Bowers," etc. Under the evidence the jury would undoubtedly understand that the services referred to in the instruction were those performed by the claimant and his wife, and under the hypothesis stated in the instruction as before announced the claimant would be entitled to recover for the services of the wife as well as for his own labor. The instruction is not erroneous. Instruction No. 8 is within the issues. It states the law in regard to the services of the wife and is within the issues raised by the second paragraph of complaint.

It is urged that instruction No. 9 is erroneous

7. for the reason that it is a mandatory instruction directing a verdict and that it fails to enumerate all of the elements necessary to such verdict. The specific objection urged against this instruction is that it concludes by telling the jury that claimant was entitled to recover the full value of the services rendered in case the facts set out in the instruction were proved and that no reference is made to an affirmative defense which appellant sought to prove under the general denial. There was some evidence introduced to show that claimant and his wife moved onto the farm of the decedent and rendered the services for which he seeks to recover in this action under a special contract, and that he had recovered full compensation for such services according to the terms of such contract. Appellant claims that instruction No. 9 is erroneous because it did not call the attention of the jury to this defense and instruct them that claimant could not recover if such de-

fense was made out.   By instruction No. 7 the jury was advised as to this defense and told that if it had been shown that such a contract had been entered into and payment had been made thereunder for services rendered the verdict should be for the defendant.   The evident purpose of instruction No. 9 was to tell the jury that if the services were shown to have been rendered under the circumstances therein stated that claimant would have been entitled to recover the full value of all the services including compensation for the services rendered by his wife.   The instruction would have been more accurate if it had concluded by saying that the claimant would be entitled to recover if the facts stated therein were found to be true unless the defendant had established the affirmative defense; but when this instruction is considered in connection with instruction No. 7 it is not likely that the jury could have been misled.   *Indiana Union Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 78 N. E. 325; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 74 N. E. 509.

There is evidence to sustain the verdict and from the nature of the services rendered as disclosed by the testimony of disinterested witnesses the amount of recovery was not excessive.

It appears from the record that a correct result was reached.   Judgment affirmed.

NOTE.—Reported in 116 N. E. 301.   See under (1) 21 Cyc 1523.