IN RE SUTHERLAND'S ESTATE, PETITION FOR DETERMINATION OF HEIRSHIP, SUTHERLAND ET AL. *v.* SUTHERLAND ET AL.

[No. 30,729. Filed February 22, 1965.]

*Thomas R. Haley,* of Seymour, and *Stephen W. Terry, Jr.,* and *Baker & Daniels,* of counsel, of Indianapolis, for appellant.

*Robert R. Kelso, Robert A. Kelso,* and *Kelso & Kelso,* of New Albany, for appellee.

ARTERBURN, C. J.—This case comes to us on petition to transfer. See 195 N. E. 2d 778.

It concerns the validity of an alleged "common-law" marriage. Bonnie B. Sutherland, the appellee, asked for a determination of heirship to share in the estate of her alleged husband as a widow. The trial court rendered judgment in her favor.

The first error assigned for our consideration here is that the trial court had no jurisdiction of the action for the determination of heirship under the Acts of 1953, ch. 112, art. 6, §606, p. 320, being Burns' Ind. Stat. Anno. §6-606 (1953 Repl.) which provides that upon the filing of a petition for the determination of heirship, the court shall fix the time for hearing thereof and

" . . . notice of which shall be given to all persons known or believed to claim or have any interest in the estate or any part thereof as heir or through an heir of the decedent. In addition, notice by publication shall be given to *all unknown heirs of the decedent.*" (Our emphasis)

It is claimed that the court lacked jurisdiction by reason of failure to give notice "to all unknown heirs of the decedent." It is admitted notice was given to all known persons. The record does not disclose that there were any unknown heirs. The record

does not show that the question as to notice was raised in the court below. Failure to raise this question constitutes a waiver. *Daniels* v. *Bruce* (1911), 176 Ind. 151, 95 N. E. 569.

The Circuit court from which this appeal emanates is a court of general jurisdiction. The court had jurisdiction of the subject matter of the petition. ■ *State ex rel. Dean et al.* v. *Tipton Circuit Ct.* (1962), 242 Ind. 642, 181 N. E. 2d 230.

There is no showing that any of the parties to this action have been prejudiced by failure to give such notice. We do not hold that the trial court's decision would be binding upon an unknown heir if one existed without requisite notice having been given. We do not have that question here and the appellants, who were notified, may not complain of lack of notice without a showing of prejudice. It is further pointed out that the Probate Code requires publication of notice to all interested parties prior to final settlement. Burns' Ind. Stat. Anno. §7-1006 (1964 Supp.)

The next contention is that the decision of the trial court is contrary to law and is not sustained by sufficient evidence, namely that there was not sufficient evidence to sustain the court's finding that a common-law marriage existed between the appellee and the decedent.

The statute outlawing "common law" marriages is not applicable in this case since it did not become effective until January 1, 1958. Burns' Ind. Stat. Anno. §44-111 (1964 Supp.)

This is not a case such as *Reger* v. *Reger* (1961), 242 Ind. 302, 177 N. E. 2d 901, where the parties in good faith secured a license and went through a public marriage ceremony and a public record was made thereof, and thereafter they found through a technicality the marriage was invalid.

For the purpose of determining this question we must, to some extent, review the evidence in the light of *Anderson* v. *Anderson* (1956), 235 Ind. 113, 131 N. E. 2d 301, which holds that to be a valid common-law marriage, there must be an express contract of marriage consummated *in presente*. In other words, the mere living together as husband and wife and holding out as a married couple is not sufficient evidence to constitute a common-law marriage. We said at page 122:

> "A contract by words in the present tense, or per verba de praesenti as the books express it, to be married or to be husband and wife, to comply with the well settled law on the subject must, of necessity, be an express contract, although it need not be in writing, and need not be in any particular words. . . ."

The basis for that decision was that in this day and age the law does not look with favor upon common law marriages, since a public record and ceremony may be made thereof with ease, and thereby set at rest any questions of title or interest in property, inheritance or legitimacy of children. We are not living in the frontier days where hardships existed in attempting to make a public record of a marriage.

The evidence is ample here to show that these two parties lived together as husband and wife. It appears

that they went to the clerk's office in Jefferson-
ville, Indiana to obtain a marriage license and
found the office was closed. That was on or about
August 21, 1956. The evidence shows that the decedent
gave the appellee a wedding ring on August 22, 1956.
There is also evidence from a third party, who stated
that the appellee and the decedent drove up and an-
nounced to him that they "had just got married" and
that he then congratulated them. It further appears
that thereafter they lived as husband and wife and held
themselves out as such; that a child was born and the
child was dedicated by the minister of the Pilgrimage
Holiness Church at Centerville and a certificate was
issued by the minister to the parents of the child, the
appellee herein, and the decedent. It appears further
that the decedent lived for the most part with the ap-
pellee in Scottsburg, Indiana, but that he had a barber
business and some rental property in Seymour and
there were occasions when he did not return to spend
the night in the Scottsburg home. This, in our opinion,
is competent evidence going to show that both parties
had consummated a contract *in presente* sufficient to
support the judgment of the trial court, should the trial
court see fit to believe it without the support of other
testimony which we find inadmissible.

This improper testimony referred to was offered by
the appellee as a witness in her own behalf and as the
alleged widow of the decedent, in which she stat-
ed that after she and the decedent went to the
clerk's office to secure a license and found it
closed, they went to a church on the 22nd of August,
1956; at which time she testified they went through a
"ceremony". To this testimony the appellants objected
on the ground that the appellee was not competent to
testify as to transactions that occurred prior to the
death of the decedent under the statutes of this state.

The trial court overruled the objections and permitted the admission of this testimony. In this respect it is our opinion that the trial court committed error.

Burns' Ind. Stat. Anno. §2-1715 (1946 Repl.) provides:

> *"When an executor or administrator is party— Exceptions.*—In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony. [Acts 1881 (Spec. Sess.), ch. 38, § 276, p. 240.]"

Burns' Ind. Stat. Anno. § 2-1716 (1946 Repl.) provides:

> *"When heirs or devisees are parties.*—In all suits by or against heirs or devisees, founded on a contract with, or demand against, the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor. [Acts 1881 (Spec. Sess.), ch. 38, § 277, p. 240.]"

Testimony of the appellee as to "any matter" which occurred prior to the death of the decedent is excluded under this statute. This includes transactions or actions as well as conversations.

One of the objects of these statutes is to prevent a person from testifying against an estate as to acts or

conversations of the decedent when his lips are sealed by death. It is, in fact, a statute for the prevention of fraud.

To say that "the litigation herein is not for the purpose of obtaining a judgment or allowance for or against the estate of the decedent" is not true. It is the very purpose of the appellee, as widow in this proceeding, to gain a widow's share in the estate. What she would gain would even have priority over the claims of creditors who are likewise incompetent to testify under the same statute. It does affect the amount to be distributed by the estate.

The statutes on competency of witnesses applicable in this case have been in existence at least as far back as 1865. (Acts of 1865, Spec. Sess., ch. LV, p. 160.)

A good review of the interpretation given these statutes is set forth in *Wiseman et al.* v. *Wiseman* (1880), 73 Ind. 112, 114, where it is stated:

"The motion for a new trial, and assignment of error based on the overruling thereof, present the question of the competency of the appellee to testify as a witness, in her own behalf. The act of March 11th, 1867, was in force at the time of the trial, and the appellant insists that, under the second proviso of the 2d section of that act, the appellee was not a competent witness, and that the court erred in permitting her to testify. The statute relied upon has often been passed upon by this court, and has been so construed as to require us to hold with the appellants. The provision of the statute referred to provides 'That in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor,' neither party shall be a witness. In *Baker v. Baker*, 69 Ind. 399, it was held, in a suit for partition, that the defendants were not competent witnesses, and the case of *Hunter* v. *Miller*, 17 Ind. 88, was approved. In the case of *Pea* v. *Pea*, 35 Ind. 387, a widow, claiming an interest in lands of her deceased husband, was

declared to be incompetent to testify against one with whom, it was alleged, the husband had contracted concerning the lands. The statute again came under examination in *Thompson* v. *Mills*, 39 Ind. 528, and it was there held that such a partition was both an action by and against heirs, and the parties were not competent witnesses. *Peacock* v. *Albin*, 39 Ind. 25, is a still stronger case in favor of appellant. In the case just cited, the court said: 'We are clearly of the opinion that the word "heirs" as used in the above proviso was intended to include all persons, whether they took the estate under the law or by virtue of a will, in all cases where the devisee or legatee would have taken any portion of the estate under the statute of descents. Any other construction would be narrow and illiberal.' In *Malady* v. *McEnary*, 30 Ind. 273, the same general doctrine is declared, and the case of *Shaffer* v. *Richardson's Adm'r*, 27 Ind. 122, relied on by the appellee, declared not to be applicable to the statute of 1867. In *Cravens* v. *Kitts*, 64 Ind. 581, the court reviewed the authorities, and declared the surviving wife to be an incompetent witness in actions for partition (vide authorities cited on p. 590). There are other cases in which the statute is given a construction much in harmony with the view enforced by the cases cited. *Skillen* v. *Skillen*, 41 Ind. 260; *Sherlock* v. *Alling*, 44 Ind. 184. All the cases evince a decided intention to so construe the statute as to exclude parties, in all cases where the property is derived from a deceased ancestor, or where the rights of a decedent's estate are affected. The cases are clearly right, which hold the wife incompetent in such actions as the present; for that she claims as heir of her deceased husband has been so often decided, that a citation of authorities is unnecessary. Nor does the surviving wife's right to testify depend upon whether there was or was not a contract with the husband. The word 'demand' is used in this statute as a noun, and, so used, is a word of broad meaning. Lord COKE says it is the largest word in the law, except claim. Coke Litt. 291 b. The word has been assigned a very broad meaning by the courts, in all cases where it has been necessary to interpret an instrument or statute in which it is contained. *Vedder* v. *Vedder*, 1 Den. 257; *Marks* v. *Marriot*, 1 Ld. Raym. 114; *The*

*Mayor, etc.,* v. *Lord,* 17 Wend. 285; *Henry* v. *Henry,* 11 Ind. 236. A statute with such comprehensive language may well be deemed to include the case of a surviving wife, asserting a claim to the lands of her deceased husband, and against children whom he has made his devisees."

The testimony of the appellee claiming as a widow with reference to the "ceremony" between her and the decedent to establish a common-law marriage was not proper under the authorities of this state. *Norrell* v. *Norrell* (1942), 220 Ind. 398, 44 N. E. 2d 97; *Lowrance* v. *Lowrance* (1932), 95 Ind. App. 345, 182 N. E. 273.

Although, as stated above, there is some evidence of a contract of marriage *in presente,* we cannot say, after excluding the objectionable testimony of a "ceremony", that the trier of the facts would still reach a finding of fact to that effect. The trial in this case was before the court without a jury.

This cause is remanded to the trial court, with directions under Rule 1-8 of this Court, to reopen the judgment and finding herein and reconsider the evidence in the light of this opinion, excluding the testimony of the appellee with reference to there being a "ceremony", and enter a new finding and judgment. The judge who presided at the trial of this cause shall reassume jurisdiction for the purposes of carrying out the mandate of this Court.

Achor and Landis, JJ., concur.

Myers, J., dissents with opinion.

Jackson, J., concurs in result of Judge Myers' opinion.

### DISSENT

MYERS, J.—I cannot agree with the result of the majority opinion or the premise upon which it is based. It makes a mountain out of a molehill in disapproving

that part of the Appellate Court's opinion concerning the competency of the alleged widow to testify as to a "ceremony" between herself and the decedent.

The basis for this action was the establishment of a common-law marriage. The majority opinion states that it is "the very purpose of the appellee as widow in this proceeding, to gain a widow's share in the estate." However, she could not acquire any share in the estate until she proved that she was the widow. She presented no claim or demand against the estate in the sense that she was attempting to deplete it or deprive it of some property, real, personal, or both, which would not be distributed to heirs under the laws of descent. The main purpose of the lawsuit was to prove a common-law marriage which would entitle her automatically to a widow's share in the estate. Therefore, §§2-1715 and 2-1716, Burns' Ind. Stat., 1946 Replacement, do not in any way apply to this situation. To do so, the court has placed itself in the peculiar position of determining the very issue which was raised by appellee, Bonnie B. Sutherland, by saying that the statute was abused because of her testimony. Admission must be made that she was the widow of the deceased.

In deciding that there was a common-law marriage, the general relationship between the parties, their actions and conduct, both in private and in public, are far more important in establishing whether a true common-law marriage existed than any words they may have said between themselves about creating a contract or any "ceremony" they may have had. This was carefully pointed out by the Appellate Court. It said (at page 783 of 195 N. E. 2d):

"No formal words are necessary, and whether such contract has been entered into by and between the parties is a question for the trier of the facts. *Walters* v. *Stockberger* (1898), 20 Ind. App. 277, 282, 50 N.E. 763."

Whatever appellee claims decedent and she said or did as to an agreement is practically meaningless to establish a common-law marriage. It is the surrounding circumstances and evidence of general relationship which is important, and apparently the record was so replete with such evidence that there was no question of a valid marriage relationship being established without the need of appellee's statement concerning a "ceremony."

Even if such evidence was improperly admitted, it was not prejudicial for the reason that appellee could have been, and was, declared to be the widow of the deceased in the absence of such testimony. Thus, as the Appellate Court points out, the error, if it existed, was harmless. See *Bowers, Admr.* v. *Starbuck* (1917), 186 Ind. 309, 313, 116 N. E. 301.

To send this matter back to the trial court would needlessly prolong the administration of this estate and possibly give rise to further litigation unnecessarily.

The petition to transfer should have been denied without comment.

Jackson, J., concurs in result.

NOTE.—Reported in 204 N. E. 2d 520.