Marvin F. MILLER, Sr.,
Appellant–Claimant,

v.

NBD BANK, N.A., Personal Representative of the Estate of Anthony R. Mongan, Appellee–Estate.

No. 32A01–9711–CV–367.

Court of Appeals of Indiana.

Oct. 30, 1998.

---

Mark J.R. Merkle, Julian G. Senior, Krieg DeVault Alexander & Capehart, Indianapolis, for Appellant–Claimant.

Charles F. Cremer, Jr., Curtis E. Shirley, Cremer Miller & Burroughs, Indianapolis and Harlan Hinkle, Hinkle Gibbs & Gundlach, Danville, for Appellee–Estate.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Marvin F. Miller, Sr. appeals the grant of summary judgment which effectively disallowed his claim against the supervised estate of Anthony R. Mongan ("Estate"). Miller's claim arose from two purported lease-purchase agreements between Miller and Anthony Mongan: the original contract, which is uncontested, and a second document which purports to modify the original agreement. This dispute concerns whether Mongan's signature on the second document is genuine.

We reverse and remand for further proceedings.

### ISSUE

Consolidated and restated, the dispositive issue raised by Miller is whether the Estate designated competent evidence which demonstrates there is no genuine issue of material fact regarding the authenticity of Mongan's signature on the second document.

### FACTS AND PROCEDURAL HISTORY

Anthony R. Mongan died on March 4, 1996, and on April 1, 1996, the trial court appointed NBD Bank, N.A., as the personal representative of his estate. Approximately five months later, Miller filed a claim against the Estate in which he sought to enforce a lease and option to purchase agreement as modified. Miller attached the original contract dated March 23, 1995,[1] which provided that Miller would lease forty acres of property known as Mongan's Recreational Park from Mongan. The agreement also gave Miller the option to purchase the forty acres. To that end, Miller was to pay the sum of $200,000.00 toward the purchase price by December 31, 1996. Failure to make the $200,000.00 payment by that date rendered the agreement void.

Miller also appended a hand-printed document dated February 12, 1996, which purported to modify the original contract. Specifically, it increased the subject property to seventy-two acres, extended the lease period and permitted Miller to pay the $200,000.00 in installments of $40,000.00 per year, without interest. As apparent consideration for the modification, Miller was "willing to give" Mongan five percent ownership in Mongan's Recreational Park.[2]

The Estate responded by filing its Answer and Counterclaim. In that verified pleading, Lorraine Mongan, daughter of the deceased, stated that the February 12, 1996, instrument was invalid because it was never signed by her father. The Estate counterclaimed for immediate possession of the property or, in the alternative, payment of $35,000.00 per year until pending matters were resolved. Miller responded and asserted that Mongan had "duly executed" the challenged document.

---

1. Both parties refer to March 23, 1995, as the date of the original agreement. That date is typewritten on the first page of the agreement; however, March 22, 1995, is handwritten above the parties' signatures on the second page of the document.

2. Both documents appear to have been drafted by laymen. In the second hand-printed document, the consideration for the modification is not described as an unequivocal *quid pro quo*.

Thereafter, the Estate filed a motion for summary judgment designating (1) the verified statement by Lorraine Mongan and (2) a letter, subsequently verified, from an alleged expert, Clarke Mercer. Miller responded with an affidavit in which he affirmed Mongan had executed the modification agreement in his presence. Both parties sought to strike opposing party's affidavits. During an evidentiary hearing on pending motions, the trial court denied Miller's motion to strike as it pertained to Clarke Mercer. Thereafter, the court entered a general order granting the Estate's motion for summary judgment.[3] Miller appeals that ruling.

## DISCUSSION AND DECISION

### Standard of Review

■ Summary judgment is appropriate when there is no genuine issue of any material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Hoskins v. Sharp*, 629 N.E.2d 1271, 1276 (Ind.Ct.App.1994). The burden is on the moving party to prove there is no genuine issue of material fact and, if there is any doubt, the motion should be resolved in favor of the party opposing the motion. *Hoskins*, 629 N.E.2d at 1276. Once the movant has sustained this burden, the opponent may not rest upon the allegations or denials in his pleadings but must respond by setting forth specific facts demonstrating there is a genuine issue for trial. *Id.* at 1276–77.

■ In reviewing a decision upon a motion for summary judgment, this court applies the same standard as does the trial court. *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 537 (Ind.1997). We review only the designated evidentiary material and liberally construe that evidence

in favor of the nonmoving party. *Rotec, Div. of Orbitron, Inc. v. Murray Equip., Inc.*, 626 N.E.2d 533, 535 (Ind.Ct.App.1993). Our role includes a careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly prevented from having his day in court. *Hoskins*, 629 N.E.2d at 1276.

### Estate's Initial Burden

■ Miller contends that the Estate did not meet its initial burden of demonstrating the absence of a genuine issue of material fact concerning Mongan's signature. The Estate counters that it was not required to designate any evidence. Instead, it argues that Miller was required to show the document was duly executed.

"Execution" of a written instrument includes the requirement that the signature "was made with express, implied or apparent authority and was not forged." Ind. Trial Rule 9.2(H)(1). Generally, when a pleading is based upon a written instrument filed with the pleading, execution of that instrument is "deemed to be established" without proof, unless execution is denied under oath in the responsive pleading or "affidavit filed therewith." Ind. Trial Rule 9.2(B). An exception exists when the party who executed the instrument is deceased at the time proof is required. In that case, there is no presumption of execution, and the party or his representative "shall be deemed to have denied execution or admissibility without any responsive pleading or denial." Ind. Trial Rule 9.2(G).

■ Trial Rule 9.2 does not conclusively establish the genuineness of a signature. *See Moehlenkamp v. Shatz*, 396 N.E.2d 433, 438 (Ind.Ct.App.1979). Nor does the Rule

---

**3.** The record includes the trial court's grant of summary judgment. The Estate quotes a second order in which the court awarded the Estate a money judgment of $25,000.00 and title to the subject property. This order is not part of the official record; nor is it appended to the Estate's brief as the "Table of Contents" indicates. Thus, we do not discuss the implications of this order.

We further observe that the designated evidence does not show that the trial court resolved the question of the genuineness of the handwriting in accordance with Indiana Code § 34-3-6-1

(repealed, now codified at Indiana Code § 34-37-3-1) which provided:

In any proceeding before a court or judicial officer of the state of Indiana where the genuineness of the handwriting of any person may be involved, any admitted or proved handwriting of such person shall be competent evidence as a basis for comparison by witnesses, or by the jury, court or officer conducting such proceedings, to prove or disprove such genuineness.

obviate the initial burden on the Estate, as the movant in this summary judgment proceeding, to show there is no factual dispute regarding the genuineness of Mongan's signature. Thus, we reject the Estate's contention that it was not required to designate evidence to support its motion.

■ In an alternative argument, the Estate claims it met its initial burden of demonstrating that the signature was not Mongan's and, therefore, the burden shifted to Miller to set forth specific facts establishing a factual dispute.[4] In support of its motion, the Estate designated the affidavit of Lorraine Mongan in which she stated:

> The second purported agreement of February 12, 1996 is not valid because it was never signed by Anthony R. Mongan. The agreement was never duly executed.

Miller contends that Lorraine's statement does not indicate it is based upon her personal knowledge. We agree.

■ Affidavits supporting or opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ind. Trial Rule 56(E); see Ind. Evidence Rule 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); see also Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., 596 N.E.2d 248, 254 (Ind.Ct. App.1992), trans. denied. An affidavit need not contain an explicit recital of personal knowledge when it can be reasonably inferred from its contents that the material parts thereof are within the affiant's personal knowledge. Gallatin Group v. Central Life Assurance Co., 650 N.E.2d 70, 73 (Ind.Ct. App.1995); see Evid. R. 602 ("Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness."). However, this court has held that, in carrying out the requirements of Rule 56(E), supporting or opposing affidavits should follow substantially the same form as though the affiant were giving testimony in court. Celi-

na Mut. Ins. Co. v. Forister, 438 N.E.2d 1007, 1011 (Ind.Ct.App.1982). The assertion of conclusions of law or opinion by one not shown to be qualified to testify to such will not suffice. Id.

A competent nonexpert may give an opinion as to the genuineness of handwriting. Ind. Evidence Rule 901(b)(2). However, in her affidavit, Lorraine does not indicate that she is personally familiar with her father's signature or otherwise state why she concluded that her father had not signed the contested document. Lorraine's conclusory statement fails to "set forth such facts as would be admissible in evidence" as required by Trial Rule 56(E).

Nor can Lorraine's personal knowledge be reasonably inferred from the contents of her affidavit. The father-daughter relationship is insufficient in itself to establish the required personal knowledge. As argued by Miller, Lorraine's statements could be based upon nothing more than a belief that her father would never sign such a document. Lorraine's affidavit does not satisfy the Estate's burden in this proceeding.

■ The Estate also designated Clarke Mercer's letter which states that he compared the "Anthony R. Mongan" signature appearing on the modification document to exemplars of "[k]nown signatures of Anthony R. Mongan." As a result of the examination, Mercer observed:

> While there is a pictorial resemblance to the genuine signatures of Anthony R. Mongan, the signature in question is drawn. It is not consistent with the numerous repetitive characteristics found in the many exemplar signatures. It is highly probable that it is not a genuine signature. This can be effectively demonstrated with exhibits to a court or jury.

(Emphasis added). Miller challenges Mercer's affidavit on several grounds, one of which is that the affidavit establishes the existence rather than the nonexistence of a genuine issue of material fact. We must agree.

---

**4.** The Estate then maintains that, because Miller is incompetent to testify under Indiana's Dead

Man's Statute, he did not properly satisfy that requirement.

Even if we consider Mercer qualified to testify, he only affirms that "[i]t is highly probable" the challenged signature is not Mongan's. Accordingly, whether the deceased signed the modification agreement remains a question of fact. Because Mercer's affidavit does not prove there is no genuine issue of material fact, the burden never shifted to Miller to respond with evidence demonstrating a factual dispute.

### Dead Man's Statute

■ Our resolution of this case obviates the need to address the multitude of other arguments advanced by the parties. Nevertheless, our court has previously addressed issues which were not dispositive of the appeal but were likely to appear upon remand. *See, e.g., Irvine v. Irvine,* 685 N.E.2d 67, 71 (Ind. Ct.App.1997). Here, because both parties briefed the question of Miller's competency as a witness and, because the question will arise upon remand, we will consider whether Miller is competent to testify about Mongan's execution of the modification agreement.

■ Indiana Code § 34–1–14–6 (repealed, now codified at Indiana Code § 34–45–2–4), commonly known as the "Dead Man's Statute," provided in relevant part:

> In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during a lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate. . . .

One purpose of the statute is to prevent persons from testifying against the estate as to transactions, acts or conversations of the decedent when the decedent's "lips are sealed by death." *In re Sutherland's Estate,* 246 Ind. 234, 240–41, 204 N.E.2d 520, 523 (1965). "It is, in fact, a statute for the prevention of fraud." *Id.* at 241, 204 N.E.2d at 523. Rather than excluding evidence, the statute prevents a particular class of witnesses from testifying regarding claims against an estate. *Fisher v. Estate of Haley,* 695 N.E.2d 1022, 1027 (Ind.Ct.App.1998).

In this case, the executor is a party in a proceeding involving matters which occurred during Anthony R. Mongan's lifetime. Given that Miller is a party to the alleged modification, he is a necessary party to the issue and the record. Moreover, his interest is adverse to the Estate. The question remaining is whether an adjudication of Miller's claim would constitute a "judgment or allowance . . . made or rendered for or against the estate." *See* IND.CODE § 34–1–14–6.

In a creative argument, Miller insists his claim is actually a request for equitable relief and, therefore, does not qualify as a "judgment or allowance" under the statute. We decline to read Indiana Code § 34–1–14–6 so narrowly. "Judgment" is defined as "[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." BLACK'S LAW DICTIONARY 841 (6th ed.1990). The phrase "judgment or allowance may be rendered for or against the estate" has been interpreted to mean the outcome of the action will either enhance or diminish the estate itself. ROBERT LOWELL MILLER, JR., 13 INDIANA PRACTICE § 601.107, at 29 (2d ed.1995); *see Sutherland,* 246 Ind. at 241, 204 N.E.2d at 523 (proceedings to gain a widow's share is for the purpose of obtaining a judgment or allowance against the estate given that the widow's claim affects the amount to be distributed by the estate).

In this case, if the document purporting to modify the original contract is valid, Mongan's estate will be diminished by loss of acreage and of interest income. Moreover, the Estate's counterclaim seeks to increase assets by $35,000.00 per year. The decision of the court will affect the total value of the estate, and the Dead Man's Statute is applicable. Barring waiver, *see Estate of Hann v. Hann,* 614 N.E.2d 973, 977 (Ind.Ct.App. 1993), Miller is incompetent to testify about whether Mongan signed the challenged modification agreement. *See State Farm Life Ins. Co. v. Fort Wayne Nat'l Bank,* 474 N.E.2d 524, 528 (Ind.Ct.App.1985) ("A witness rendered incompetent under the Dead Man's Statutes is likewise incompetent to

authenticate documents related to his transaction with the decedent.").[5]

## CONCLUSION

We conclude that the Estate did not meet its initial burden of proving there is no genuine issue of material fact regarding the signature "Anthony R. Mongan" on the second document. Thus, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

Reverse and remand.

BAILEY and RILEY, JJ., concur.

5.  We summarily reject Miller's argument that the February 12, 1996, document is automatically admissible under the "Doctrine of Completeness."