**Marlene DECKER, Appellant–Respondent,**

v.

**David K. ZENGLER, Special Administrator of the Estate of Frances L. Hebling, Deceased, Appellee–Petitioner.**

No. 74A01–0707–CV–322.

Court of Appeals of Indiana.

April 2, 2008.

Rehearing Denied May 29, 2008.

J. William Bruner, Boonville, IN, Attorney for Appellant.

Robert R. Faulkner, Evansville, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Marlene Decker appeals the trial court's grant of summary judgment to her siblings, Kathleen Kleeman, Dennis Avery, Linda Hall, and Diana Cornell (collectively, "the Siblings"), and to the Estate of Frances L. Helbling, by its administrator, David Zengler ("the Estate"). Decker raises one issue, which we revise and restate as whether the trial court erred by granting the motion for summary judgment filed by the Siblings and the Estate and by denying Decker's motion for summary judgment. On cross appeal, the Siblings and the Estate raise one issue, which we revise and restate as whether the trial court abused its discretion by striking certain affidavits. We reverse and remand.[1]

The relevant facts designated by the parties follow.[2] Decker and the Siblings

1. We note that the text in Decker's reply brief was single-spaced. We remind Decker that Ind. Appellate Rule 43(E) requires that "[a]ll printing in the text shall be double-spaced except lengthy quotes and footnotes shall be single-spaced."

2. The Siblings and the Estate argue that Decker relies on evidence in her brief that she

are the children of Frances L. Helbling. At the time Helbling died, Helbling and Decker had three joint accounts: two created in 1998 and a third created in 2002. On May 25, 2005, Helbling executed a will providing that "the rest, residue and remainder of [her] property, real, personal and mixed, including but not limited to [her] residence, vehicle, furniture and household goods, [her] late husband's gun collection, and [her] bank accounts" be divided equally among her five children. *Id.* at 81. After Helbling died on December 10, 2005, a petition for probate of her will was filed.

On January 9, 2006, the Siblings filed a Petition to Compel Delivery of Estate Property asking the trial court to declare the joint accounts to be property of the Estate. On March 2, 2007, the Siblings filed a motion for summary judgment, which the Estate later joined, designating, in part, the affidavits of Dennis Avery and Glen Cornell as evidence. Decker filed motions to strike the affidavits of Dennis Avery and Glen Cornell and also filed a cross motion for summary judgment.

After a hearing on the motions, the trial court granted summary judgment to the Siblings and the Estate, denied Decker's motion for summary judgment, and entered the following order:

1. Decker's ... motion to strike the affidavit of Glen Cornell is denied, with the exception of paragraph 7 that contains a hearsay statement purportedly made by the decedent Mrs. Helbling, and offered to prove the truth of the matter asserted. Decker's motion is denied as to paragraphs 4, 5 and 6 of the Cornell affidavit, but is granted with regard to paragraph 7 of the same.

2. Decker's ... motion to strike the affidavit of Dennis Avery is granted, as paragraph 3 contains a purported statement made by [Helbling] and offered to prove the truth of the matter stated within that paragraph. As such, upon objection, the purported statement would not be admitted into evidence and, since the Avery affidavit is based wholly upon this hearsay statement, the same should be stricken pursuant to Decker's motion.

3. Pursuant to Trial Rule 56(C) of the Indiana Rules of Trial Procedure, the court finds the designated evidentiary matter shows there is no genuine issue as to any material fact and the motions for summary judgment filed by [the Siblings] ... and [the Estate] ... should be granted with regard to the [bank] accounts ... such that [Zengler] is entitled to recover and shall recover from [Decker] the money in [Helbling's] accounts at [the bank] at the time of her death....

4. Decker's ... motion for summary judgment in her favor is, accordingly, in all respects denied as to her purported ownership of the [bank] accounts....

5. Based upon the court's reasoning above, there is no just reason for delay, and the court expressly directs entry of judgment in this matter for [the Estate] against [Decker], such that [Zengler] shall proceed to recover from [Decker] the money held in [Helbling's] accounts ... at the time of her death....

*Id.* at 11–12.

The issue is whether the trial court erred by granting the motion for summary

did not designate to the trial court. Because we do not rely on this evidence, we need not

address their argument.

judgment filed by the Siblings and the Estate and by denying Decker's motion for summary judgment.[3] Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold*, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974.

■ The fact that the parties made cross motions for summary judgment does not alter our standard of review. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind.Ct.App.1997), *trans. denied.* Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.* Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind.1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

■ Decker argues that the Siblings and the Estate have failed to overcome the statutory presumption that funds held in a joint account belong to the surviving party. Ind.Code § 32–17–11–18 provides that "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created." Thus, Ind.Code § 32–17–11–18 creates the presumption that a survivor to a joint account is the intended receiver of the proceeds in the account. *In re Estate of Banko*, 622 N.E.2d 476, 480 (Ind.1993) (discussing Ind.Code § 32–17–11–18 (formerly codified as Ind.Code § 32–4–1.5–4(a)). "In order to defeat this presumption, a party challenging the survivor's right to the proceeds must present clear and convincing evidence that the decedent at the account's creation did not intend the joint tenant to receive the proceeds or that the intent of the decedent changed before death and the decedent by written order informed the financial institution of this change." *Id.* (discussing Ind.Code § 32–17–11–18 (formerly codified as Ind.Code § 32–4–1.5–4(a)) and Ind.Code § 32–17–11–19 (formerly codified as Ind.Code § 32–4–1 .5–5)). Consequently, the burden of proof remained with the Siblings and the Estate to establish by clear and convincing evidence that, at the creation of the joint accounts, Helbling did not intend for Decker to receive the funds remaining at her death, or, alternatively, that Helbling's intent to create the right of survivorship later changed, and she notified the financial institution by written order of the change.

Our review of the designated evidence reveals that, at the time Helbling died,

---

**3.** The trial court also held that Helbling's firearms and jewelry, both in Decker's possession after Helbling died, were to be returned to the Estate. Decker does not appeal the trial court's grant of summary judgment to the Siblings and the Estate concerning the firearms and jewelry.

Helbling and Decker had three joint accounts.[4] Several years after Decker and Helbling opened the joint accounts, Helbling executed a will providing that all of her property, including money in her bank accounts, be divided equally among her five children. Decker never deposited money in the joint accounts. She did not disclose to the Siblings that her name was on the accounts. She stated in a deposition that she did not know her mother's intent in including her name on the accounts. Decker disclosed no interest in the bank accounts during her divorce from Roger Decker. Decker obtained no money or property from Helbling during Helbling's life. According to Glen Cornell, shortly after Helbling's death, Decker told him that the bank accounts were rightly the property of the residuary devises set forth in the will, but Decker denies that this conversation took place.

Although the Siblings and the Estate make much of the fact that Helbling executed a will shortly before she died dividing the money in her accounts evenly among the five children, a right of survivorship cannot be changed by will. Ind. Code § 32–17–11–18(e). It is also of no significance that Decker claimed that she received no property from Helbling until Helbling's death or failed to disclose an interest in the bank accounts during her divorce from Roger Decker, because, under Ind.Code § 32–17–11–17(a), "a joint account belongs to the parties in proportion to the net contributions by each party to the sums on deposit." Because Decker made no deposits in the accounts, none of the funds belonged to her while Helbling was alive.

The only evidence designated by the Siblings and the Estate that remotely touches on the issue of Helbling's intent at the creation of the joint accounts is the affidavit of Glen Cornell, in which Cornell stated: "I am also aware of the facts and circumstances surrounding the addition of [Decker's] name to [Helbling's] bank account [sic] and am aware of the fact that it was done for a convenience only for Decker to assist Helbling in paying her bills and banking transactions."[5] Appellant's Appendix at 33. Affidavits supporting or opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Miller v. NBD Bank, N.A.*, 701 N.E.2d 282, 286 (Ind.Ct.

---

**4.** The instrument that Decker and Helbling signed creating one account is clearly designated, "Joint—With Survivorship (and not as tenants in common)," and another is designated, "Joint (Right of Survivorship)." Appellant's Appendix at 78, 80. The third account only indicates joint ownership. Although the presumption for a right of survivorship would apply to all three accounts under Ind.Code § 32–17–11–18, with respect to two of the accounts, there was a specific expression that survivorship was intended.

**5.** The Siblings and the Estate also designated part of a deposition of Roger Decker in support of their assertion that Helbling only put Decker's name on her bank accounts for convenience. However, the portion designated by the Siblings and the Estate reads as follows:

Q: At some point, did you have any knowledge about [Helbling] putting [Decker's] name on any of her bank accounts?

A: Well, I knew [Decker] had signed checks for her to pay bills and stuff like that, but what they did, I don't know. I just know she signed checks, put her mother's name on the checks to pay bills and everything.

\*　　\*　　\*　　\*　　\*　　\*

Q: So as we sit here, if [Helbling] put [Decker's] name on any of her accounts, you don't know, I take it, the why or wherefore or why she would have done that?

A: No, sir, I have no—all I know is [Decker] would sign checks sometimes to pay her bills for her.

Appellant's Appendix at 90–91.

App.1998) (quoting Ind. Trial Rule 56(E) and citing Ind. Evidence Rule 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")). An affidavit need not contain an explicit recital of personal knowledge when it can be reasonably inferred from its contents that the material parts thereof are within the affiant's personal knowledge. *Id.* (citing Evid. R. 602 ("Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness.")). However, this court has held that, in carrying out the requirements of Rule 56(E), supporting or opposing affidavits should follow substantially the same form as though the affiant were giving testimony in court. *Id.* (citing *Celina Mut. Ins. Co. v. Forister*, 438 N.E.2d 1007, 1011 (Ind.Ct.App.1982)). The assertion of conclusions of law or opinion by one not shown to be qualified to testify to such will not suffice. *Id.*

■ Here, the affidavit of Glen Cornell asserted the he was "aware of the fact" that Decker's name was added to an account of Helbling for "convenience only." Appellant's Appendix at 33. Despite a general statement that his affidavit was "made on personal knowledge," there is no showing that he had personal knowledge of the circumstances of the creation of the joint accounts. *Id.* at 32. Personal knowledge cannot be inferred from the statement, nor is there any showing that Cornell would be competent to testify on the matter. Because affidavits in support of summary judgment must be made on personal knowledge, it is not enough for Cornell to assert that he was "aware of" alleged facts. Accordingly, Cornell's affidavit does not satisfy the burden of the Siblings and the Estate in this proceeding. *See, e.g., Miller*, 701 N.E.2d at 286 (holding that the affidavit in question did not

satisfy the burden of the party moving for summary judgment where affiant's conclusory statement failed to indicate personal knowledge of the circumstances in question and personal knowledge could not be reasonably inferred from the contents of the affidavit); *Celina*, 438 N.E.2d at 1011 (holding that the trial court properly disregarded portions of an affidavit where the affiant had not shown personal knowledge of the statements in question or that he would be competent to testify to them).

■ At this point, we will address the issue raised by the Siblings and the Estate on cross appeal, whether the trial court abused its discretion by striking the affidavit of Dennis Avery and the seventh paragraph of the affidavit of Glen Cornell as hearsay, to determine if the affidavits at issue establish evidence to rebut the presumption for a right of survivorship. The Avery affidavit states that:

> Approximately a month to six weeks prior to her death my mother Frances Helbling telephoned me. Based upon my experience with her, her tone and the manner in which she expressed herself I could tell she was very distraught and upset. She expressed to me she was very concerned and worried that "everything" she owned would not be divided equally five ways as she intended by her will. In our conversation she emphasized that "everything" be distributed five ways and my mother requested my assistance in ensuring that her intent in this regard was carried out.

Appellant's Appendix at 30. The seventh paragraph of Glen Cornell's affidavit states that:

> In 2003 my wife Diana Cornell and I borrowed $5,000.00 from Frances Helbling. The loan took somewhat longer to repay than originally planned and when I made the repayment to Ms. Helbling I apologized fro [sic] the delay.

Ms. Helbling indicated that no apology was necessary as it was Diana's money anyway since it was Frances' intent that the money go to Diana and her other siblings when Frances passed away. *Id.* at 33.

We review the trial court's ruling on the admission of evidence for an abuse of discretion. *Noojin v. State*, 730 N.E.2d 672, 676 (Ind.2000). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997), *reh'g denied.* Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error. *Fox v. State*, 717 N.E.2d 957, 966 (Ind.Ct.App. 1999), *reh'g denied, trans. denied.* On appeal, the Siblings and the Estate argue that the statements in question are admissible under Ind. Rule of Evidence 803(3), which provides an exception to the hearsay rule for a "statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health) . . . ."

Even assuming, however, that Helbling's statements are admissible as exceptions to the hearsay rule, they were made years after the creation of the joint accounts. As noted above, under Ind.Code § 32–17–11–18, to rebut the presumption for a right of survivorship, a party challenging the survivor's right "must present clear and convincing evidence that the decedent at the account's creation did not intend the joint tenant to receive the proceeds or that the intent of the decedent changed before death and the decedent by written order informed the financial institution of this change." *In re Estate of Banko*, 622 N.E.2d at 480. The statements shed no light on Helbling's intent at the time she and Decker created the joint accounts,

and, as noted above, the Siblings and the Estate have produced no evidence that Helbling notified the financial institution in writing of an intent to deny Decker a right to survivorship. Accordingly, even if the trial court erred in striking Avery's affidavit and a paragraph of Glen Cornell's affidavit, admission of the statements in question would not have affected any party's rights in this case, and the error was harmless. *See, e.g., Parke County v. Ropak, Inc.*, 526 N.E.2d 732, 740–741 (Ind.Ct. App.1988) (holding that, even if the trial court erred in excluding a letter from evidence that fell within an exception to the hearsay rule, the error was harmless where admission of the letter would not have had a substantial effect on a party's rights), *trans. denied.*

The Siblings and the Estate have produced no evidence that, at the time Helbling and Decker created the joint accounts, Helbling did not intend for Decker to have a right of survivorship, or that Helbling's intent later changed and she notified the financial institution in writing to this effect. Accordingly, there is no genuine issue of material fact about these issues. The Siblings and the Estate have failed to overcome the statutory presumption in favor of a right to survivorship, and we therefore hold that Decker is entitled to summary judgment as a matter of law. *See, e.g., Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 42–43 (Ind.2002) (holding that the trial court correctly entered summary judgment in favor of defendant and denied plaintiff's motion for summary judgment where plaintiff failed to establish by clear and convincing evidence that defendant breached its duty to act in good faith).

For the foregoing reasons, we reverse the trial court's grant of the motion for summary judgment filed by the Siblings and the Estate and the trial court's denial of Decker's motion for summary judgment

and remand for proceedings consistent with this opinion.

Reversed and remanded.

BARNES, J. and VAIDIK, J. concur.