**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KEVIN E. STEELE**
Burke Costanza & Carberry LLP
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**STEPHEN E. SCHEELE**
**BRIAN W. BORCHERT**
**LISA M. ROSS**
Goodman Katz & Scheele
Highland, Indiana

**FILED**

Feb 15 2013, 9:15 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LARRY J. BRISKI,               )
                               )
    Appellant-Defendant,       )
                               )
        vs.                 )   No. 45A03-1208-PL-343
                               )
PEOPLES BANK,                  )
                               )
    Appellee-Plaintiff.        )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Gerald N. Svetanoff, Judge
Cause No.  45D04-1011-PL-113

**February 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Larry J. Briski ("Briski") appeals a grant of summary judgment in favor of Peoples Bank SB ("the Bank") upon the Bank's action to enforce a guaranty for $50,000 against him. Briski presents a single issue for our review: whether the trial court erred by granting summary judgment in favor of the Bank upon concluding the guaranty was enforceable.

We affirm.

**Facts and Procedural History**

On October 2, 2006, Briski executed a guaranty ("the Guaranty") to secure a commercial loan ("the Loan") from the Bank to E & J Management Group, LLC ("E & J"). Briski's obligation under the Guaranty was limited to $50,000, which would become immediately due and payable at the election of the Bank upon the borrower's default under the terms of "any instrument, agreement, or document executed by the Borrower in favor of the [Bank]." (App. at 89.) The Guaranty further provided:

> [This] Guaranty shall remain in place for a period of not less than twenty-four (24) consecutive months. If at anytime during said twenty-four (24) month period, Borrower is in default of any[ of] the terms of the Loan Documents with [the] Bank, the term of this Guaranty shall be extended for an additional twenty-four (24) month period regardless of whether or not such default is cured by Borrower.

(App. at 89-90.)

Hours later, Earmon Hill, Jr. ("Hill") and Jerla J. Freeman Disco ("Freeman"), individually and as members of E & J, executed a Commercial Promissory Note and Business Loan Agreement in connection with the Loan (collectively, "the Loan Documents"). The Loan was secured in part by property located at 2674 Harrison Street, Gary, Indiana ("the

2

Property"). According to the Loan Documents, the "Borrower shall … be in default if the [Bank] should, in good faith, believe the Borrower's ability to repay the indebtedness under this Agreement, any collateral, or the ability to resort to any collateral, is or soon will be impaired, time being of the very essence." (App. at 85.) The Loan Documents identified E & J, Hill, and Freeman each as a Borrower.

On June 24, 2008, another bank filed a foreclosure action on the Property naming as defendants Hill and the Bank ("the Foreclosure Action").[1] The Bank sent Briski a letter dated July 21, 2008, informing him that the Foreclosure Action constituted an event of default according to the Loan Documents, and that the Guaranty, on its terms, would thus be extended for an additional twenty-four month period beyond its original expiration date of October 2, 2008. The Foreclosure Action was dismissed on January 20, 2009.

E & J failed to make a payment on the Loan as due on October 15, 2009.[2] The Bank sent Briski a letter dated November 19, 2009, demanding payment of $50,000 under the terms of the Guaranty.

On November 10, 2010, the Bank filed a complaint to, inter alia, enforce the Guaranty and secure judgment against Briski for $50,000. On January 31, 2012, the Bank filed a motion for summary judgment against Briski. On March 5, 2012, Briski filed a response to the Bank's motion for summary judgment and a cross-motion for summary judgment on the

---

[1] Deutsche Bank Nat'l Trust Co. as Trustee v. Hill and Peoples Bank, S.B., Cause No. 45C01-0806-MF-457, filed on June 24, 2008.

[2] While the trial court's order is unclear as to the exact date of E & J's default by nonpayment, Briski and the Bank agree that the missed payment was due on October 15, 2009. (Appellant's Br. at 6; Appellee's Br. at 4.)

3

Bank's complaint. On April 9, 2012, the Bank filed a reply to Briski's cross-motion for summary judgment and to Briski's response to its own motion.

On April 25, 2012, the trial court conducted a hearing on the motions for summary judgment. On July 10, 2012, the trial court issued an order granting the Bank's motion for summary judgment and denying Briski's cross-motion for summary judgment. Briski now appeals.

## Discussion and Decision

### Standard of Review

When reviewing summary judgment, we view the same matters and issues that were before the trial court, and follow the same process. Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P., 727 N.E.2d 466, 469 (Ind. Ct. App. 2000), trans. denied. The fact that the parties made cross-motions for summary judgment does not alter our standard of review. Decker v. Zengler, 883 N.E.2d 839, 842 (Ind. Ct. App. 2008), trans. denied. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. Id.

We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. Jesse v. Am. Cmty. Mut. Ins. Co., 725 N.E.2d 420, 423 (Ind. Ct. App. 2000), trans. denied. Summary judgment is appropriate when the designated evidence demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); id. The construction of a guaranty contract is a question of law particularly well-suited for summary judgment

4

proceedings. See Modern Photo Offset Supply v. Woodfield Grp., 663 N.E.2d 547, 549 (Ind. Ct. App. 1996) ("the construction of a guaranty is a question of law[]"); Simon Prop. Grp., L.P. v. Mich. Sporting Goods Distrib., Inc., 837 N.E.2d 1058, 1070 (Ind. Ct. App. 2005), trans. denied. We review questions of law de novo, and therefore we give no deference to the trial court's interpretation. Simon, 837 N.E.2d at 1070. We may affirm the grant of summary judgment on any basis argued by the parties and supported by the record. Johnson v. Jacobs, 970 N.E.2d 666, 670 (Ind. Ct. App. 2011), trans. denied.

### Analysis

Briski argues that the trial court erred when it concluded that the Guaranty was enforceable, granted the Bank's motion for summary judgment, and denied his motion for summary judgment. He contends that any purported default on the Loan by Hill as a result of the Foreclosure Action did not extend Briski's liability under the Guaranty for an additional twenty-four month period beyond its original expiration date of October 2, 2008. He argues, therefore, that the Guaranty expired as a matter of law on October 2, 2008, and thus the Bank was not entitled to enforce it against him when E & J defaulted on the Loan by nonpayment on October 15, 2009.

The rules governing the interpretation and construction of contracts generally apply to the interpretation and construction of a guaranty contract. S-Mart, Inc. v. Sweetwater Coffee Co., 744 N.E.2d 580, 585 (Ind. Ct. App. 2001), trans. denied. The extent of a guarantor's liability is determined by the terms of his or her contract. Id. The terms of a guaranty should neither be so narrowly interpreted as to frustrate the obvious intent of the parties, nor so

5

loosely interpreted as to relieve the guarantor of a liability fairly within its terms. Id. at 585-86. The contract of a guarantor is to be construed based upon the intent of the parties, which is ascertained from the instrument itself read in light of the surrounding circumstances. Id. at 586.

A guarantor's liability will not be extended by implication beyond the terms of his or her contract. Id. "'A guarantor is a favorite in the law, and is not bound beyond the strict terms of the [engagement]. Moreover, a guaranty of a particular debt does not extend to other indebtedness not within the manifest intention of the parties.'" Id. (quoting Goeke v. Merch. Nat'l Bank & Trust Co. of Indianapolis, 467 N.E.2d 760, 765 (Ind. Ct. App. 1984), trans denied).

Here, the evidence designated to the trial court discloses that the strict terms of the Guaranty define the term "Borrower" as E & J, and nothing in the Guaranty expressly refers to either Hill or Freeman. (App. at 89.) Because we strictly construe guaranties to preclude extending indebtedness, only an event of default by E & J could trigger a twenty-four month extension of the Guaranty. See S-Mart, Inc., 744 N.E.2d at 586.

However, the Loan Documents define the term "Borrower" as E & J, Hill, and Freeman. (App. at 82, 84.) The Loan Documents also provide that the "Borrower shall … be in default if the Lender should, in good faith, believe the Borrower's ability to repay the indebtedness under this Agreement, any collateral, or the ability to resort to any collateral, is or soon will be impaired, time being of the very essence." (App. at 85.) Furthermore, it is clear that the Property is listed as collateral in the Loan Documents, and that the Bank, as

6

lender, believed in good faith that the Property, or the ability to resort to the Property, is or soon would be impaired because of the filing of the Foreclosure Action on the Property. (App. at 82, 84, 125.)

Even drawing all inferences in Briski's favor, the Foreclosure Action on the Property naming Hill as a defendant constituted an event of default by E & J according to the terms of the Loan Documents. As such, Briski's liability under the Guaranty was extended as a matter of law for an additional twenty-four month period beyond its original expiration date of October 2, 2008, and E & J's default by nonpayment on October 15, 2009 occurred while the Guaranty was still effective. Therefore, the trial court did not err when it entered summary judgment on the Bank's claim against Briski.

Because we affirm summary judgment on the above basis, we do not address Briski's argument that he had no knowledge that the term "Borrower," as referred to in the Guaranty, would include Hill and Freeman, and that he thus should be relieved of his obligation under the Guaranty.

**Conclusion**

The Bank was entitled to judgment as a matter of law on the question of whether the Guaranty was enforceable. Therefore, the trial court did not err when it granted summary judgment to the Bank and against Briski.

Affirmed.

VAIDIK, J., and BROWN, J., concur.