# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**TIMOTHY A. MANGES**
**DAVID E. BAILEY**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**LESA C. DUVALL**
**STEPHANIE L. BLOOMER**
**KRISTIN D. CALDWELL**
Duvall Bloomer & Caldwell, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE CITY OF FORT WAYNE, | ) | |
| | ) | |
| Appellant/Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1306-CC-283 |
| | ) | |
| CONSOLIDATED ELECTRICAL | ) | |
| DISTRIBUTORS, INC. d/b/a ALL-PHASE | ) | |
| ELECTRIC SUPPLY CO., | ) | |
| | ) | |
| Appellee/Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Nancy Eshcoff Boyer, Judge
Cause No. 02D01-1204-CC-507

**November 20, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

This case arises from a light-installation project on Courthouse Green, a park owned by the city of Fort Wayne ("the City"). Consolidated Electrical Distributors, Inc., otherwise known as All-Phase Electrical Supply Co. ("All-Phase"), was a subcontractor on the project and supplied thousands of dollars' worth of materials. Though the City paid the general contractor, the general contractor never paid All-Phase.

All-Phase served notice of its unpaid subcontractor's claim on the mayor of Fort Wayne and filed suit against the City, seeking payment. Both parties moved for summary judgment. At issue was All-Phase's compliance with the notice requirements of Indiana Code section 36-1-12-12, which provides a right of recovery to an unpaid subcontractor. The City argued that All-Phase was not entitled to payment because notice was not given within sixty days of the date All-Phase last provided materials and served improperly on the mayor, rather than the parks department. The trial court disagreed and granted summary judgment for All-Phase.

When read in conjunction with relevant statutory provisions, we conclude that Section 36-1-12-12 allowed All-Phase to serve notice of its unpaid subcontractor's claim on the mayor of Fort Wayne. We also find that All-Phase provided timely notice of its claim. Finding that summary judgment was properly granted for All-Phase, we affirm.

**Facts and Procedural History**

In November 2010, the Courthouse Green project was awarded to a construction company called Lights & Signals, Inc. ("LSI"). The contract for the project was worth $35,990. All-Phase was a subcontractor on the project and supplied $24,050.71 worth of

2

materials to LSI. Though the City paid LSI ninety-five percent of the contract price, LSI never paid All-Phase. LSI ultimately stopped doing business and declared bankruptcy.

In April 2011, All-Phase sent notice of LSI's nonpayment to the mayor of Fort Wayne, Thomas C. Henry. An attorney for the City responded to the notice and advised All-Phase that the City had paid LSI the full contract price, minus a small amount in retainage. The City declined to pay All-Phase any amounts owed.

All-Phase filed suit against the City and issued requests for admissions. In its response, the City made the following admission:

> REQUEST NO. 4: Admit that during the period from on or about December 14, 2010, *through February 7, 2011*, ALL-PHASE supplied $24,050.71 worth of materials to LSI for construction of the Project on the City's Real Estate.
>
> RESPONSE: Admit.

Appellant's App. p. 82 (emphasis added). The City also admitted that it received All-Phase's notice of claim on April 6, 2011. *Id.*

Both parties filed summary-judgment motions. At issue was All-Phase's compliance with the notice requirements of Indiana Code section 36-1-12-12, which provides a right of recovery to an unpaid subcontractor. All-Phase's designated evidence included the affidavit of its Credit Manager, Jay Orchard. In his affidavit, Orchard confirmed that All-Phase provided materials to LSI from December 14, 2010, through February 7, 2011. In paragraph 8 of his affidavit, he also confirmed that notice of All-Phase's claim was sent to the mayor on April 6, 2011, "which was 58 days after [All-Phase] supplied the last of the materials for the project." *Id.* at 60. The City moved to strike paragraph 8, but the trial court denied the City's motion.

3

After a hearing, the trial court granted summary judgment for All-Phase. The City now appeals.

**Discussion and Decision**

On appeal, the City contends that the trial court erred by granting summary judgment for All-Phase. The City argues that All-Phase improperly served notice of its claim on the mayor of Fort Wayne. The City also claims that All-Phase gave untimely notice of its claim.

Summary judgment is only appropriate when the moving party affirmatively shows that there are no genuine issues of material fact with regard to a particular issue or claim. *See* Ind. Trial Rule 56(C); *Holiday Hospitality Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574, 577 (Ind. 2013) (citing *Town of Avon v. W. Cent. Conservancy Dist.*, 957 N.E.2d 598, 602 (Ind. 2011)). The non-moving party then bears the burden of producing designated evidence showing the existence of a genuine issue of material fact. *Holiday*, 983 N.E.2d at 577.

"An appellate court reviews these cases through the same lens, and we view all designated evidence and reasonable inferences in a light most favorable to the non-moving party; any doubts are resolved against the moving party." *Id.* We will affirm a trial court's grant of summary judgment on any theory supported by the record. *Id.* (citing *Woodruff v. Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 790 (Ind. 2012)). When the facts are not disputed, reversal is only appropriate if the trial court incorrectly applied the law to those facts. *Id.*

**I. Notice Properly Served**

4

The City first claims that All-Phase improperly served notice of its claim on the mayor of Fort Wayne. All-Phase argues that the relevant statutory provisions allow it to serve notice on the mayor. All-Phase's argument is based on its reading of the provisions in Title 36 of the Indiana Code.

Indiana Code section 36-1-12-12 provides a right of recovery to an unpaid subcontractor. However, in order for a subcontractor to receive payment, the subcontractor "must file a claim with the *board* not later than sixty (60) days after that person performed the last labor, furnished the last material, or performed the last service . . . ." Ind. Code § 36-1-12-12(b) (emphasis added). According to the definitions section of the chapter, "'board' means the board *or officer of a political subdivision* or an agency having the power to award contracts for public work." Ind. Code § 36-1-12-1.2(1) (emphasis added).

A "political subdivision" is a municipal corporation or special taxing district. Ind. Code § 36-1-2-13.[1] Elsewhere in Title 36, Article 1, "municipal corporation" is defined as, among other things, a unit. Ind. Code § 36-1-2-10. "Unit," in turn, means a county, municipality, or township. Ind. Code § 36-1-2-23. Finally, a "municipality" is defined as a city or town. Ind. Code § 36-1-2-11.

Synthesizing Title 36's definitions of these terms, All-Phase contends that the City is a "municipality, which is a unit, which is a municipal corporation, which is a political subdivision." Appellee's Br. p. 12. And to follow All-Phase's logic, because notice must be served on the board, defined in Section 36-1-12-1.2(1) as an "officer of a political

---

[1] Section 36-1-2-1 states that "the definitions in this chapter apply throughout this title."

subdivision," All-Phase properly served the mayor, an officer of the political subdivision of Fort Wayne.

In response, the City argues that the final phrase in Section 36-1-12-1.2(1)—"having the power to award contracts for public work," applies to all three entities named in the section: the board, officer of a political subdivision, and an agency. The City argues that the mayor did not have the power to award *this* public-works contract—only the park board did.[2] But this interpretation conflicts with longstanding rules of statutory construction.

"To get at the thought or meaning expressed in a statute, a contract, or a constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them." *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1176 (Ind. Ct. App. 2012), (citations omitted), *reh'g denied*, *trans. denied*. "As a matter of strict grammatical construction, the descriptive words in a phrase should, in the absence of punctuation, be referred to their nearest antecedent, and had the intent been, by means of punctuation, to bring out a meaning which would refer these qualifying words to more than their immediate antecedent, a comma should have been inserted after said word." *Id.* (citation omitted). This is sometimes called the last-antecedent rule.

Section 36-1-12-1.2(1) reads: "'Board' means the board or officer of a political subdivision or an agency having the power to award contracts for public work." Applying the last-antecedent rule to the Section, it is clear that the phrase "having the

[2] The City's argument hinges on language not found in the statute; specifically the power to award *the contract at issue*. *See* Appellee's Reply Br. p. 4. But we need not address the City's addition to the statute; as we explain below, their interpretation of the section fails.

power to award contracts for public work," modifies "an agency," the phrase immediately preceding it. For this reason, the City's argument fails, and we conclude that All-Phase properly served notice of its claim on the mayor of Fort Wayne.

## II. Notice Timely Served

The City also claims that All-Phase failed to give timely notice of its claim. The trial court concluded that as a result of the City's admission, it was undisputed that All-Phase provided materials through February 7, 2011, making All-Phase's notice timely. *See* Appellant's App. p. 12.

At issue is the following admission made by the City:

REQUEST NO. 4: Admit that during the period from on or about December 14, 2010, *through February 7, 2011*, ALL-PHASE supplied $24,050.71 worth of materials to LSI for construction of the Project on the City's Real Estate.

RESPONSE: Admit.

*Id.* at 82 (emphasis added). The City also admitted that it received All-Phase's notice of claim on April 6, 2011. *Id.*

The City now claims that the trial court erred by concluding, based on the City's admission, that All-Phase provided materials through the last date in the provided range, February 7, 2011, making All-Phase's notice timely under the sixty-day window for unpaid subcontractor's claims. The City argues that its admission only "establishes that All-Phase provided materials at some point within the time period . . . . All-Phase did not ask the City to admit, and the City did not admit, that All-Phase provided materials on February 7." Appellant's Br. p. 14. We agree that the admission establishes that All-Phase provided materials at some point or points during the date range, not throughout.

7

But the City plainly admitted that All-Phase provided materials during the period from on or about December 14, 2010, *through* February 7, 2011. The City is bound by its admission; it may not now exclude February 7, 2011, from that range.[3]

The City also argues that the trial court should have stricken paragraph 8 of Jay Orchard's affidavit. In his affidavit, Orchard confirmed that All-Phase provided materials for the project through February 7, 2011. Specifically, in paragraph 8, Orchard stated that notice of All-Phase's claim was sent to the mayor on April 6, 2011, "which was 58 days after [All-Phase] supplied the last of the materials for the project." Appellant's App. p. 60. Thus, in addition to the City's admission, Orchard's affidavit established that All-Phase gave timely notice of its unpaid claim.

The City argues that its motion to strike should have been granted because there is nothing in Orchard's affidavit that established his personal knowledge of the fact that All-Phase provided materials through February 7, 2011. But "an affidavit need not contain an explicit recital of personal knowledge when it can be reasonably inferred from its contents that the material parts thereof are within the affiant's personal knowledge." *DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 701 (Ind. Ct. App. 2012) (citing *Decker v. Zengler*, 883 N.E.2d 839, 844 (Ind. Ct. App. 2008), *trans. denied*), *trans. denied.* Here, it can be reasonably inferred that Orchard had personal knowledge of when All-Phase provided materials for the project because as All-Phase's Credit Manager, Orchard was responsible for maintaining the company's books

---

[3] Although an admission is ordinarily binding on the party who made it, there are exceptions, such as where an admission no longer is true because of changed circumstances or when an honest error occurred. *See Gen. Motors Corp., Chevrolet Motor Div. v. Aetna Cas. & Sur. Co.*, 573 N.E.2d 885, 889 (Ind. 1991). The City does not argue that it should not be bound by its admission for any such reason, and to the extent the City implies that the request was ambiguous, we disagree.

and records. *See id.* (court could reasonably infer that affiant had personal knowledge of documents at issue and corresponding accounts based on affiant's position as a Litigation Recovery Specialist); *Skaggs v. Merchs. Retail Credit Ass'n, Inc.*, 519 N.E.2d 202, 203 (Ind. Ct. App. 1988) (because affiant was employed by phone company and responsible for customer billing and collections, court could reasonably infer that recital of payments and credits made by phone-service customer were based on personal knowledge). The trial court did not err by denying the City's motion to strike.

Finally, the City argues that there was evidence establishing that All-Phase last provided materials on February 3, 2011, instead of February 7, 2011, which created a genuine issue of material fact precluding summary judgment. The City points to two delivery tickets as support for its claim. But the tickets do not clearly establish when All-Phase last provided materials.[4] And the evidence before the trial court was the City's admission that All-Phase provided materials through February 7, 2011, as well as Orchard's affidavit to that effect. We cannot say that the trial court erred by concluding that All-Phase provided timely notice of its unpaid subcontractor's claim.

The party moving for summary judgment bears the burden of establishing that no genuine issue of material facts exists. The burden then shifts to the nonmoving party to establish that a genuine issue does in fact exist. As the moving party, All-Phase made a prima facie showing that no genuine issue of material fact existed as to its right to recover under Indiana Code section 36-1-12-12; the City failed to establish the contrary. We therefore conclude that the trial court properly granted summary judgment for All-Phase.

---

[4] The City acknowledges that the ticket upon which it largely relies is not plainly dated. While there is a ship date listed, there is no pickup or delivery date next to the signature. *See* Appellant's App. p. 76.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.